This action is brought by the plaintiff, a judgment creditor of the defendants, Sebastian V. Talcott and Henry H. Hale, to set aside an assignment of their property, made by them to the other defendants in trust for the payment of their creditors, upon the ground that it is fraudulent and void. The plaintiff, to establish his right of action, relies solely upon what appears in the following clause of the assignment: "Sixthly. By and with the residue and remainder of the said net proceeds and avails, if any there shall be, the said parties of the second part shall pay the following named sums on the following named notes and drafts, with interest from the time they shall respectively become due and payable, viz. [after specifying three notes it proceeds as follows]: Thirteen hundred and fifty dollars, being the amount of a promissory note made by the said Fasset Washburn, payable to the order of and indorsed by the said parties of the first part, and discounted by the said Duncan, Sherman Co., and falling due on or about the 15th day of January next. But this last mentioned sum is not to be paid until the said Fassett Washburn shall have surrendered up and delivered over to the said parties of the second part, to be canceled, a note bearing even date with the one last mentioned, for the same amount and maturing at the same time, made by the said parties of *Page 148 
the first part and payable to the order of the said Fassett 
Washburn." The Case shows that the note had been borrowed by the assignors of Fassett and Washburn, and indorsed by the assignors and discounted by Duncan, Sherman Co., pursuant to an arrangement that the assignors were to pay it at maturity; and that they, at the same time, gave to Fassett Washburn their note for the same amount, payable at the same time, which was given on condition that Fassett Washburn were to give it up on payment, by the assignors, of the note made by them. It was further proved that Fassett Washburn resided in Albany and were solvent.
It is insisted by the counsel for the plaintiff that the sixth clause imposes upon Duncan Sherman, or upon the holder of the note made by Fassett Washburn, for the payment of which, at maturity, the assignors might become liable as indorsers, the necessity of causing their note given to Fassett Washburn to be surrendered to the assignees before they could receive payment under the assignment; that the assignors being liable for the payment of the note, had no right to attach any such condition, and that this proves the assignment fraudulent, and therefore void. Voluntary assignments by debtors creating trusts in favor of creditors have been the subject of frequent judicial investigation by the courts of this State, and the principles upon which they are sustained are well settled. The debtor must devote all his property absolutely to the payment of his debts; reserve no control to himself; provide for no benefit to himself, other than what may result from the payment of his debts; impose no condition upon the right of the creditors to participate in the fund; authorize no delay on the part of the trustee. When it appears, from the provisions of the assignment or by other proof, that any of these rules have been violated in making the assignment, the law adjudges it fraudulent and void. A distinction is attempted, in some of the cases, between fraud in law and fraud in fact. I think there is no solid foundation for it. When upon the face of the assignment any illegal provision is found, the presumption at once conclusively arises *Page 149 
that such illegal object furnished one of the motives for making the assignment; and it is upon this ground adjudged fraudulent and void. The result is the same when the illegal design is established by other evidence. The inquiry is as to the intention of the assignor. When it appears that among the inducements operating upon him there was an intention to violate any of the duties owing by him to any of his creditors, the whole instrument is tainted, and will be set aside at the suit of any creditor: the rule applied to instruments of this character being, that they must be wholly valid, or they are entirely void.
The inquiry in this case is, whether any fraudulent design is manifested by the sixth clause of the assignment. To determine this it is competent to take into consideration the facts to which the clause relates. The assignors owed one debt of $1,350. Duncan, Sherman Co. held the note of Fassett Washburn, indorsed by them for this amount. This they had agreed to pay at maturity. If they made this payment, their note held by Fassett 
Washburn was discharged. There can be no presumption that they contemplated the negotiation of this note by Fassett Washburn. This would have been a breach of contract by them, and this the law neither presumes nor requires any one to presume. The assignors were insolvent, and unable to pay the demand. It was to become due in a short time. Fassett Washburn were the makers, and responsible to Duncan Sherman. In the natural course of business, Fassett Washburn would, in all probability, pay Duncan Sherman, and thus become possessed of both notes. In this view, the condition attached to the payment by the assignment is entirely proper. It was inserted to show that there was but one debt. It would probably have saved much litigation had other language been employed to show the same thing. How could Duncan, Sherman Co. possibly be injured? Their remedy against Fassett Washburn was perfect. They could at once collect their debt of them. How were the assignors to derive any benefit from the condition, whether Fassett Washburn paid Duncan Sherman or not? *Page 150 
If they did, the provision of the clause was appropriate to that state of facts. If they did not, and they were paid by the assignees, Fassett Washburn's note would at once become a nullity. Is it to be supposed that the assignors had in contemplation the idea that Fassett Washburn would refuse to give up the note, and that therefore they designed to secure to themselves a benefit by coercing Duncan Sherman to compel them to do it? This seems hardly possible in the light the facts throw upon it. It must be borne in mind that the inquiry is, whether the assignors had a fraudulent design in the transaction. The onus of showing this is with the plaintiff.
I think the clause in question fails to show it, and that therefore the judgment should be affirmed.
All the judges concurring,
Judgment affirmed.