41 569
78 747

## THE CITY OF DES MOINES v. THE C., R. I. & P. R. Co.

1. **Municipal Corporations:** CONTRACT: RAILROADS. The grant to a railroad company of the right to lay and maintain its track over a bridge belonging to the city, and to use and operate the same, in an ordinance which contains no reservation respecting tolls or other charges, is within municipal authority; and the city cannot, by a subsequent ordinance, impose such charges.

2. ——: ——: LICENSE. If the ordinance granted a mere licence, revocable at the pleasure of the city, still tolls could not be recovered under the later ordinance until actual revocation of the license had been made.

3. ——: ——: CONSTRUCTION. Such a grant is not impaired by the fact that the railway company has increased its use of the bridge, by the construction of another line whose business passes over it. The railway company has the right of use for all of its business.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 28.

THIS action was commenced August 25, 1874, to recover four hundred and sixty-four dollars and sixty cents for toll alleged to be due the plaintiff, for the passage of the defendant's engines and cars over a toll bridge owned by plaintiff, across the Raccoon river near the foot of Seventh street, in the city of Des Moines. The defendant denied the right of plaintiff to recover for any toll, and set up a grant by ordinance enacted by the plaintiff, granting to the Des Moines, Indianola and Missouri Railroad Company the right to lay, and maintain the track of its railroad, and to operate the

same over said bridge, to which right defendant has succeeded by contract and lease. The cause was tried upon the evidence to the court, who found for the defendant. The plaintiff appeals.

*Barcroft, Given & Drabelle* and *C. P. Holmes,* for appellant.

The ordinance conferring right of way over the bridge does not create a contract; it grants a mere license. (*Davis v. New York,* 14 N. Y., 529; Dill. on Corp., 567, 568.) The court will not presume that the city intended to exceed its authority, and will not give the ordinance such a construction as will necessarily invalidate it, unless it cannot be avoided. (*State v. Herod,* 29 Iowa, 123.) While the franchise of a bridge may be taken for a railway, compensation either for the entire franchise or for the special injury must be made. (Redf. on Railways, 2d ed., 130.)

*Wright, Gatch & Wright,* for appellee.

A municipal corporation cannot maintain a toll bridge, unless expressly authorized by statute. (*Clark v. City of Des Moines,* 19 Iowa, 223.) It has no vested right to enlarge the franchise or rights thereunder, after the repeal of the law conferring it. (Cooley's Const. Lim., pp. 276-7; 1 Dill. Mun. Corp., pp. 84 and 124.) Railway companies may acquire right of way over the streets of cities. (*City of Clinton v. C. R., etc., R. R. Co.,* 24 Iowa, 472; *Cook v. City of Burlington,* 30 Id., 105.) The city having seen the defendant construct its track over the bridge, and expend money upon the approaches thereto, relying upon the supposed right to do so, is at most only entitled to compensation under proceedings to condemn. (*Goodin v. C. & W. Canal Co.,* 18 Ohio St., 169.) A bridge franchise may be condemned for railway purposes. (Redf. on Railways, 255; *Cooley v. Hanover,* 36 N. H., 404; *Bridge Co. v. Lowell,* 4 Gray, 474.) This grant to the company constituted a contract, binding alike upon both parties. (*State v. Herod,* 29 Iowa, 123.)

COLE, J.—I. The plaintiff, the city of Des Moines, pursuant to authority conferred by Chapter 84 of the Acts of the Thirteenth General Assembly, after enacting an ordinance therefor, erected four toll bridges within its limits, one of which was over the Raccoon river, near the foot of Seventh street, and is the one in controversy; and paid for the same by issuing the bonds of the city, and pledging for the principal and interest thereof the tolls to be derived from said bridges. By section seven of the ordinance providing for the building and maintaining the bridges, the rates of toll were fixed as follows: " For one horse or mule team, with rider or vehicle, three cents; for two horse or mule team, five cents; for four horse or mule team, ten cents; for ox team with vehicle, same as horse or mule team; for horses, mules or asses, not attached to any vehicle, and without rider, each, one and one-half cents; for sheep, hogs and goats, each, one-half cent. And any person buying toll tickets at any one time to the amount of five dollars, or more, shall be entitled to a discount of ten per cent on the value of the same; and also, millers, manufacturers, dealers in coal or lumber, and all owners of drays, trucks, express wagons and hacks shall be entitled to a discount of twenty-five per cent on a purchase of twenty dollars worth of tickets.

By another section of the ordinance, it was provided: "And such rates of toll shall not be changed, until the indebtedness on account of the building, operating and maintaining of such bridge, or bridges, is liquidated; and when such indebtedness is liquidated, such bridges shall be free to the public."

On November 7th, 1870, the plaintiff, the city of Des Moines, passed an ordinance, the first section of which is as follows: "That there is hereby granted to the Des Moines, Indianola and Missouri Railroad Company the right to lay and maintain the track and railroad over and along said bridge, across the Raccoon river at Seventh street, in the city of Des Moines, and to operate the same over said bridge, subject to the following regulations."

*1. MUNICIPAL corporations: contract: railroads.*

The subsequent sections of the ordinance specify the regulations required, such as the manner of laying of the rails; that fences shall be built for a thousand feet, or more, with gates, cattle guards, etc.; the construction and maintenance of said gateways and signals, etc.   The evidence shows that the railroad of the company, to which the right to pass over said bridge was granted, was incomplete, and for the purpose of securing its construction and operation, a transfer or lease of its rights and privilege as to construction and operation, etc., were assigned to the defendant.   After the defendant had completed the road to Indianola, and had operated it for some years, the plaintiff, by its council, on July 16, 1874, passed an ordinance, section 1 of which is as follows:

" That there shall be charged and collected, as tolls for the passage of freight over or upon the toll bridge across 'Coon river, on Seventh street, in the city of Des Moines, county of Polk, Iowa, as follows:   For each passage of any locomotive engine over or upon said bridge, the sum of $1.00; for each passage of each passenger car over or upon said bridge, the sum of 50 cents; for the passage of any box car over or upon said bridge, the sum of 25 cents; for the passage of any mail, baggage or express car over or upon said bridge, the sum of 40 cents; for each passage of any flat car over or upon said bridge, the sum of 15 cents; for each passage of any hand car over or upon said bridge, the sum of 10 cents; for the passage of any car, not herein specified, over or upon said bridge, 25 cents."

This action is brought to recover the amount of tolls which accrued to plaintiff under this last named ordinance, after it took effect, and up to the time this suit was brought.   The single question is, as to plaintiff's right to recover under these facts, and others connected therewith, as shown by the evidence.

In our view, the judgment of the Circuit Court was correct.   We ground our conclusion upon the effect to be given the ordinance, giving the right of way over the bridge.   That ordinance was, in effect, a grant, upon the conditions and in consideration of the compliance therewith, and of the reg-

ulations therein required. The grant was of the right to lay and maintain the track of its railroad over and along the bridge, and to operate the same, subject to the regulations therein specified. The enumeration in the ordinance of what the grantee therein was required to do amounts to an implied negation, that anything further was to be done, or paid, for the privilege granted by the ordinance. The railroad company to whom the grant was made, or its assignee, having expended its money in order to comply with the regulations and conditions of the ordinance granting the right, was entitled to enjoy the privilege granted, without being subject to any further obligations or burdens. This point has, in effect, been heretofore decided by this court in the case of the *State et al. v. Herod*, 29 Iowa, 123; see also the *Mayor, etc., of New York v. Second Avenue Road Company*, 32 N. Y., 261.

That the city had power to pass the ordinance in question we entertain no doubt. We discover no express limitations upon its power to contract with reference to that subject matter. If the principal and interest of its bonds are not paid, whether the holders thereof have any rights in or over said bridges is a matter we need not now determine.

II. The appellant, however, insists that the ordinance granting the right of way over said bridge constitutes but a mere license, revocable at its pleasure. But if this was so, still the plaintiff might not maintain this action, for that it has never revoked this license.

2 ——: ——: license.

III. It is further urged by the appellant, that since one-half of the tolls for which it sues (which is a conceded fact), has accrued by reason of the increase of freights from the Des Moines, Winterset and Southwestern Railroad, which is, in effect, a branch of the road of the grantee in the ordinance, intersecting its road twelve or fifteen miles from the bridge, that therefore the city may recover such porportions of the tolls. But the grant was of the right to lay and operate its track over the bridge, and whether the business which it transacts in thus operating its roads comes to it by wagons, by extension of its main lines, by

3 ——: ——: construction.

feeders, or branches it may build, is a matter of no consequence. Whenever and however the business may be brought to the road of the grantee or its assignee, it has the right to use and operate its track over the bridge, for doing all its business; for when the business comes to it, such business is the business of that road, regardless of the source from whence, or the manner in which, it comes, These considerations fully determine the case without any necessity for discussing whether the city was precluded from changing the tolls, as specified by Sec. 7, quoted above; or whether the tolls prescribed and sued for are outside of, or beyond those enumerated in Sec. (7) seven.

AFFIRMED.