THE SIOUX CITY STREET RAILWAY COMPANY V. THE CITY OF SIOUX CITY.

Corporations: VESTED RIGHTS: STATE CONTROL: STREET RAILWAYS; OBLIGATION AS TO PAVING. After the enactment of section 1090 of the Code, reserving to the general assembly the right to regulate, withhold, or impose conditions upon the enjoyment of, the franchises of corporations for pecuniary profit, the plaintiff company was organized and built its railway upon defendant's streets, under an ordinance requiring it to pave between the rails of its track. Afterwards the general assembly (Laws of 1884, ch. 20) provided that all street railway companies in cities of the first class (to which defendant belongs) should be required to pave, not only between the rails of its track but one foot outside thereof, and that, upon refusing so to pave when required by the city council, the city should do the paving, and levy a tax on the property of the company to pay therefor. Under this statute the city required the plaintiff to pave both between the rails and one foot outside thereof, which the plaintiff neglected to do ; whereupon the city did the work, and the plaintiff paid for the paving between the rails, but refused to pay for that outside, and this action is to test the legality of a special tax levied on plaintiff's property to pay for such additional paving. Held that the state, under its reserved power, had the right to impose upon plaintiff the additional burden, and that in so doing it did not violate any valid contract between it and the city, because the reserved power of the state could not be impaired by any contract which the city could make ; and that, therefore, the tax was valid.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, OCTOBER 2, 1888.

THIS is a proceeding by *certiorari* to test the legality of the action of the city council of the defendant city in assessing a special tax on the property of plaintiff to pay the cost of paving portions of certain streets on which its railway tracks are situated. The district court overruled a demurrer to the petition, and, the defendant electing to stand thereon, judgment was entered against it. The facts are stated in the opinion.

*Joy, Wright & Hudson* and *A. C. Strong*, for appellant.

*J. H. & C. M. Swan*, for appellee.

REED, J.—Plaintiff is a corporation, the object of its organization, as expressed in its articles, being "to locate, construct, maintain and operate street and other railways within and adjacent to the city of Sioux City." On the twelfth of December, 1883, the city council passed an ordinance granting and conferring upon plaintiff the right to locate, construct, operate and maintain a street railway in certain streets of the city, upon certain specified terms and conditions. Section 11 of the ordinance is as follows: "Whenever, by resolution of the common council, any street or part of street on which said track shall be laid and operated shall be ordered paved or macadamized, either at expense of the city or owners of abutting property, then the said proprietors of said street railway shall pave or macadamize, in the time and manner directed, the space between the rails, and shall thereafter keep the same between the rails in good repair, and shall keep in good condition and repair the space on all bridges that they cross." The company accepted the grant on the eighteenth of the same month, and immediately thereafter commenced the work of constructing its railway in the designated streets, and before the fifteenth of January, 1886, had expended in the work of construction the sum of ten thousand dollars, and had several miles of road in operation. On this latter date the city became a city of the first class.

On the eleventh of May following the council passed an ordinance by which it is provided that, whenever the city shall cause any street whereon a railway has been or may be constructed to be paved, the council shall order and provide that the company or person owning such railway shall pave the space between the rails, and for one foot in width on the outside thereof, at its own cost. The ordinance also contains provisions as to the manner of ordering said work, which is by resolution of the council, and the manner in which it shall be performed, and other matters relating to the same general subject. On the twenty-fifth of the same month an additional ordinance, containing further provisions on the subject, was passed. The council subsequently ordered certain of the streets on which plaintiff's railway is constructed to be paved, and on the thirty-first of August, 1886, it passed a resolution ordering and directing plaintiff to pave the space between its rails and for one foot in width on the outside thereof. The whole work of paving was done by a contractor under the city; and when it was finished plaintiff paid the cost of the paving in the space between the rails, but refused to pay any portion of the costs of the work outside of the track. The city thereupon proceeded to make a special assessment on its property to pay the cost of paving the space one foot in width on the outside of the rails, and the object of this proceeding is to test the legality of that action.

The positions of plaintiff are: (1) That the ordinance of December 12, 1883, upon its acceptance of the provisions thereof, became a contract between the parties; (2) that, as by the express provisions of the contract it was required to pave the space between the rails, the necessary implication is that it should not in the future be subjected to any burdens in addition to that growing out of the paving of the streets; and that such provision is as certainly a part of the contract as though contained therein in express language; and (3) that the subsequent legislation by which the additional burden is sought to be imposed upon it is an impairment of the obligations of the contract, and consequently is void.

The city council, in passing the ordinances of May 11 and 25, and the resolution of August 31, 1886, and in making the subsequent special assessment on plaintiff's property, proceeded under chapter 20, Laws Twentieth General Assembly. The chapter is entitled: "An act granting additional powers to certain cities of the first class, with reference to the improvement of streets, highways and alleys, and to provide a system therefor." It provides, among other things, that all cities of the first class which have been organized as such since January 1, 1881, or which may be organized after the passage of the act, shall have power to pave or otherwise improve any street, avenue, highway or alley within their limits, and tax the cost of such improvements to abutting property; and prescribes the mode of procedure. Section 6 of the act contains the following provision: "All railway companies and street-railway companies in cities of the first class, as provided in section 1 of this act, shall be required to pave or repave between rails and one foot outside of their rails, at their own expense and cost." It also provides that such paving shall be done at the same time, and shall be of the same material, as the paving of the balance of the street on which the track may be situated. It also requires street-railway companies to use strap or flat rails in paved streets, and to keep the paving which they are required to lay down in good repair. It also provides that, in case any such company shall refuse to construct any paving when so required by the city council, the city shall construct the same, and levy a special tax upon the property of the company within the city to pay the cost and expense thereof. What was done by the city in the premises was in strict conformity with the provisions of the act. In our opinion the case turns upon the question whether the state had the right under its reserved powers to impose the additional burden upon the plaintiff. When the plaintiff became incorporated, the following statute was in force: "The articles of incorporation, by-laws, rules and regulations of corporations hereafter organized

under the provisions of this title, or whose organization may be adopted or amended hereunder, shall at times be subject to legislative control, and may be at any time altered, abridged or set aside by law; and any franchise obtained, used or enjoyed by such corporation may be regulated, withheld or be subject to conditions imposed upon the enjoyment thereof whenever the general assembly shall deem necessary for the public good. Code, sec. 1090. The section occurs in the chapter relating to corporations for pecuniary profit, to which class of corporations plaintiff belongs.

That the state in granting a charter to a corporation may reserve to itself the power to repeal or amend the same, and that it may exercise such reserved power, is well settled. *Sherman v. Smith,* 1 Black, 587; *Miller v. State,* 15 Wall. 478; *Holyoke Co. v. Lyman,* 15 Wall. 500; *Sinking Fund Cases,* 99 U. S. 700; *Oliver Lee's Bank v. Talcott,* 19 N. Y. 146. By the provision quoted above the state reserved the power, not only to repeal or amend the articles of incorporation of such corporations as should be organized after its enactment, but to impose such conditions upon the enjoyment of the franchises obtained thereunder as the general assembly might deem necessary for public good. Plaintiff's franchise consists in the privileges, powers and rights conferred upon it by the general statute and its articles of incorporation, but it assumed them subject to the right and power reserved to the state by the statute. The reservation was a condition of the grant. Now, the object of plaintiff's organization, as stated above, was to construct, maintain and operate street and other railways in the city and adjacent thereto. The power and privilege of doing that particular thing are its franchise. The act of the Twentieth General Assembly, as applicable to it, imposes it, as a condition upon which it may enjoy that franchise, that, when the city determines that the street shall be paved, it shall bear the cost and expense of doing the paving between its rails and one foot in width outside of them. That the general assembly had the power under the reservation

to impose the condition, we think there can be no doubt. If the city had made no provision in the original grant on the subject, the power of the state to impose the condition would hardly be doubted by anyone; but if the power is reserved to the state, it could not be the subject of contract between plaintiff and the municipality. The state has not by any legislation on the subject delegated to the municipal corporations it has created any of the rights or powers reserved by the statute quoted above. The question here considered did not arise in *City of Des Moines v. Railway Co.*, 41 Iowa, 569. In that case the city had granted to the railroad company the right to occupy a toll-bridge with its railroad. The grant imposed certain conditions as to the use of the bridge, but contained no requirement for the payment of toll. After the specified conditions had been complied with, it attempted to enforce the collection of certain tolls, and we held that the ordinance imposing the tolls was an attempt by the city to impair the obligation of its contract, and was void. But no question as to the power of the state to impose additional burdens or conditions on the enjoyment of the franchise was involved. And the same is true as to *City of Burlington v. Railway Co.*, 49 Iowa, 144. The judgment will be

REVERSED.