## CITY COUNCIL OF AUGUSTA *et al. v.* AUGUSTA AND AIKEN RAILWAY COMPANY.

Where a city grants permission to an ·electric railway company, exclusively engaged in the transportation of interstate freight and passengers, to use certain of its streets by running its cars over the tracks of a local street railway company, under the terms, conditions, and limitations specified in the contract between the two companies, it can not impose a specific annual tax on the business of such railway company for running its cars in the city's streets. Such a tax is laid on the business of carrying on interstate commerce, and amounts to a regulation of it, which under the Federal constitution belongs solely to Congress.

Argued November 30, 1907.—Decided July 15, 1908.

Injunction. Before Judge Hammond. Richmond superior court. June 19, 1907.

The Augusta & Aiken Railway Company, a South Carolina corporation, is an interurban railroad company, and operates an electric railroad from Aiken, South Carolina, to Augusta, Georgia. In April, 1903, it entered into a contract with the Augusta Railway Company, a street railway, for the use of the latter's tracks in the City of Augusta, subject to the approval of the City Council of Augusta. On October 6, 1903, the City Council of Augusta passed an ordinance granting permission to the Augusta & Aiken Railway Company to use the streets of Augusta by running its cars upon the tracks of the Augusta Railway Company on certain streets, under the terms, conditions, and limitations set out in the contract between the Augusta & Aiken Railway Company and the Augusta Railway Company, and providing that the grant to use the streets should expire with the charter of the Augusta Railway Company. Pursuant to this contract and ordinance, and on the faith thereof, the Augusta & Aiken Railway Company engaged in the business of transporting freight and passengers to and from Augusta over the tracks of the Augusta Railway Company, and had expended large sums, and assumed large obligations in carrying out its contract with the local company in compliance with the ordinance. On December 29, 1905, the City Council of Augusta enacted a "business license ordinance," the caption and material parts of which are as follows: "An ordinance to fix the annual and specific taxes and licenses of the City of Augusta on business occupations and professions for the year 1906, and to provide for

the collection of the same." Section 1 of the ordinance ordains: "That the following annual and specific *taxes* and *licenses* on *business occupations* and *professions,* to be paid by the person or persons carrying on or engaged in said .business occupations or professions, . . shall be levied and collected, . . and execution, [with a penalty] upon the amount of said *taxes* and *licenses,* shall be issued and enforced for all such annual and specific *taxes* and *licenses,*" etc. "Section 2. On the business of the following, viz., . . upon every railroad company not exempted by contract or otherwise, for running cars on the streets of Augusta, $1,666.66." And on December 14, 1906, a similar ordinance was passed in the same language, for the levying and collection of a similar specific tax and license on business occupations and professions for the year 1907. Upon the authority of these ordinances the City Council of Augusta caused to be issued executions against the Augusta & Aiken Railway Company for the amount of the tax for each of the years 1906 and 1907. The Augusta & Aiken Railway Company filed their petition to enjoin the levy and collection of the tax, on the grounds that it did not do any intrastate business; that it was solely engaged in the transportation of freight and passengers to and from the City of Augusta and points in the State of South Carolina, and did not enter into the business of transporting freight or passengers from any points within the limits of the City of Augusta or the State of Georgia to any other such point; and that it was not operating a street railroad, but an interurban railroad company. The court enjoined the levy and collection of the fi. fas., and the city excepted.

*C. Henry Cohen,* for plaintiffs in error.

*Boykin Wright* and *George T. Jackson,* contra.

Evans, P. J. (After stating the facts.) The first contention advanced by the defendant in error as a reason why it is not liable for the tax which the City of Augusta is asserting its right to collect is, that, inasmuch as it is a railroad company engaged exclusively as a common carrier of interstate freight and passengers, it is within the protection of the commerce clause of the constitution of the United States, which reserves to Congress the exclusive power to regulate commerce among the several States. A long line of decisions of the Supreme Court of the United States, beginning with the case of Brown *v.* Maryland, 12 Wheat. 419 (6 L. ed. 678),

has firmly established the proposition that a tax laid on the occupation or business of carrying on interstate commerce is a burden on that commerce, and amounts to a regulation of it, which under the constitution of the United States, belongs solely to Congress. *Williams* v. *Fears,* 110 *Ga.* 589 (35 S. E. 699). It is admitted in the record that the defendant in error is a railroad company, exclusively engaged in transporting freight and passengers to and from the City of Augusta in this State, to and from points in the State of South Carolina, and that it does not handle any intrastate business. This being true, the City of Augusta can not legally impose a tax on its business as an interstate carrier.

The City of Augusta, by its counsel, denies that the ordinance fixes a tax on the business of the defendant in error, but insists that it imposes a license tax on every railroad company "for running cars on the streets of the City of Augusta," and that the City of Augusta may lawfully exact of any railroad company a license tax or rental charge for the use of its streets. It will be seen from the statement of facts that the Augusta & Aiken Railway Company contracted with the local intraurban street railway company for the use of its tracks along certain streets, and that the City of Augusta, by ordinance on October 6, 1903, granted permission to the defendant in error to use the streets of Augusta by running its cars upon the tracks of the Augusta Railway Company on certain streets, under the terms of the contract between the Augusta & Aiken Railway Company and the Augusta Railway Company. The city in this ordinance exacted no terms and imposed no restrictions outside of the contract between the two railway companies; and the ordinance neither reserved nor surrendered any power to tax.

A municipality sustains a dual relation to its streets and thoroughfares,—that of sovereign and of proprietor. In the latter capacity a municipality may under certain circumstances contract for the use of its streets. A municipal charge for the use of the streets for any lawful purpose is the exercise of the city's right of proprietorship, and is not the imposition of a privilege or license tax. In the well-considered case of St. Louis *v.* Western Union Telegraph Co., 148 U. S. 92 (37 L. ed. 380, 13 Sup. Ct. 485), it appeared that the City of St. Louis passed an ordinance authorizing telephone and telegraph companies to set their poles upon the

streets, subject to certain prescribed regulations, and the city subsequently passed another ordinance amendatory of the first, imposing upon all telegraph and telephone companies, which were not taxed on their gross incomes, a charge of five dollars per annum upon each telegraph or telephone pole for the privilege of using the streets. It was held, that the charge was not a privilege or license tax, as the amount to be paid was not graduated by the amount of the business, nor was any stated sum fixed for the privilege of doing business; that the charge was for the use of property belonging to the city, and was more properly a rental. The company might purchase the right to erect its poles on private property, and the city in that event would receive nothing; hence the charge was in the nature of a toll and not a tax. "A tax is a demand of sovereignty; a toll is a demand of proprietorship." But in this case, as well as many others, it was recognized that the grant of authority to a telegraph company to set its poles in the street for a fixed rental, when accepted and acted upon, became an irrevocable contract, and the city could not set it aside, or arbitrarily increase the rental above that obligated to be paid. People, ex rel. Bliss, *v.* Chicago West Division Ry. Co., 118 Ill. 113 (7 N. E. 116) ; City of Des Moines *v.* C., R. I. & P. R. Co., 41 Iowa, 569; Norfolk etc. R. Co. *v.* Pa., 136 U. S. 114 (34 L. ed. 394, 10 Sup. Ct. 958) ; Telegraph Co. *v.* Texas, 105 U. S. 460 (26 L. ed. 1067). The record discloses, that, acting upon the permission given in the ordinance, the defendant in error had disbursed large sums of money on the faith of the grant; and the city is now estopped, during the life of the grant, from exacting any additional sum as a rental for the use of its streets. The ordinance by force of which this tax is claimed shows on its face that the city's purpose is to collect a tax, for a fixed sum, for conducting the business of running cars upon the city's streets, and not a rental charge for the use of its property.

Nor can the tax levied by these ordinances be sustained as a license tax under the police power to recompense the city for its police supervision. It has been held that where telegraph companies, engaged in interstate commerce, carry on their business so as to justify police supervision, the municipality is not obliged to furnish such supervision for nothing, but it may, in addition to ordinary property taxation, subject the corporations to reasonable

charges for the expenses thereof. Western Union Tel. Co. v. New Hope, 187 U. S. 419 (47 L. ed. 240, 23 Sup. Ct. 204) ; Atlantic & Pacific Tel. Co. v. Philadelphia, 190 U. S. 160 (47 L. ed. 995, 23 Sup. Ct. 817) ; Postal Tel. Co. v. New Hope, 192 U. S. 55 (48 L. ed. 338, 24 Sup. Ct. 204). These cases were decided upon the taxing laws of Pennsylvania, and we will not stop to inquire whether the principle therein enunciated would harmonize with the system of taxation of railroads which prevails in this State. We would hesitate to discuss so important a question when a decision of it is not necessary to an adjudication of the present case. The captions of these ordinances disclose their character and purpose, viz.: to raise revenue from taxes placed on business occupations and professions. In express words it is declared that the tax shall be levied "on the business of the following, viz.:   .   .   Upon every railroad company not exempted by contract or otherwise, for running cars on the streets of the City of Augusta, $1,666.66." As was observed by Chief Justice Fuller, in the Western Union Tel. Co. v. New Hope case, supra, a charge for the enforcement of local governmental supervision is distinct from an occupation or business tax.

By process of elimination, if the tax imposed by these ordinances can neither be upheld as a charge for the rental of the streets, nor as a charge for municipal supervision, it must fall on the business of operating the cars of the railroad company on the streets of the city. And as the railway company is exclusively engaged in transporting freight and passengers to and from Augusta to and from points within the State of South Carolina, the tax is laid on the occupation or business of carrying on interstate commerce, which the City of Augusta is without power to impose.

In the argument it was sought to bring this case within the ruling in the case of Savannah T. & I. H. Ry. v. Savannah, 112 Ga. 164 (37 S. E. 393). But the facts of the two cases are radically different. In the Savannah case the street railroad company did both an intraurban and an interurban business, and the court held that a street-railway company which did a business of carrying passengers for hire between intraurban points pursued an occupation in the city, notwithstanding it also did an interurban business; and this fact distinguishes that case from the one now under consideration.

Counsel for plaintiff in error asked leave to review the case of

*City Council of Augusta* v. *Central R. Co.*, 78 *Ga.* 119, and the later cases where the ruling enunciated in the 78 *Ga.* was followed. In that case it was held that a city could not lawfully exact of railroad companies entering or passing through the city an annual specific tax on their general business of a common carrier, where the companies did no other business in the city except such as was authorized by their charters as carriers of passengers and freight. Inasmuch as we have reached the conclusion that the occupation tax imposed by the ordinance under consideration did not fall upon the defendant in error, because its business was exclusively that of a common carrier engaged in interstate commerce, it is unnecessary to examine into the soundness of those cases which are asked to be reviewed.

> *Judgment affirmed. All the Justices concur.*