THE SIOUX CITY STREET RAILWAY COMPANY v. THE CITY OF SIOUX CITY *et al.*

Street Railways: OBLIGATION TO PAVE: INCREASE OF BURDEN BY LEGISLATION : CONSTITUTIONALITY.  Under the statutes of the state and the ordinances of the defendant city, when the plaintiff street railway company assumed its corporate franchises and authority to construct its railway was conferred upon it, it was required to pave between the rails of its railway, and no more.   By a subsequent statute and ordinance, the additional requirement to pave one foot outside of its track was imposed upon it.   *Held* that this was not the impairment of a vested right under contract, and therefore invalid under article 1, section 10, of the constitution of the United States, because section 1090 of the Code was in force when the plaintiff was organized, under which all corporations thereafter organized were subjected to legislative control.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

FILED, OCTOBER 9, 1889.

THIS is a proceeding by *certiorari* to determine the validity of a certain action of the defendant city in requiring plaintiff to pave that part of the streets whereon its street railway is built, which is of the breadth of one foot on the outside of its street railway track. A demurrer to the petition was sustained, and, plaintiff electing to plead no further, its petition was dismissed, and thereupon it appealed to this court. The cause has before been in this court (see *post*, p. ——).

*J. H. & C. M. Swan*, for appellant.

*C. L. Wright* and *S. J. Quincy*, for appellees.

BECK, J.—I. After the decision of this cause when before in this court it was remanded for further proceedings to the district court. The petition was amended by the addition of allegations to the effect that the statutes of the state and the ordinance and other action of the city under which the pavement was constructed, and an assessment made therefor, are in conflict with article 1, section 10, of the constitution of the United States, in that they have the effect to impair the obligation of a contract. The claim of plaintiff in support of this allegation of its petition is based upon the position that the requirement to build the pavement in controversy, and the assessment therefor, is a burden additional to those imposed by the statute and ordinance under which plaintiff built its street railway, which are recited in our former opinion in this case. The ordinance of the city, the plaintiff insists, was a contract under which plaintiff undertook to build the street railway upon the condition of paving between the rails, and doing other things which need not be specified. The paving outside of the track of the railway was not provided for by the ordinance, and is therefore a burden additional to those imposed by ordinance granting plaintiff authority to build its railway. It may be that the ordinance of the city requiring the paving in question does not affect the franchise of the

plaintiff as claimed by counsel. Possibly the term "franchise," when used in connection with corporations, is limited to designate the privilege and rights conferred by the charters, or the equivalent thereto under our statutes,—their articles of incorporation. We need not here determine whether the assessment in question is in harmony or in conflict with what is called the "franchise" of plaintiff, and may assume that counsel's position, to the effect that it pertains to a contract between plaintiff and the city, is correct, if it be found such a contract exists, and is preserved unimpaired by the provision of the constitution of the United States above referred to.

It will be remembered, as is shown in our former opinion in this case, that plaintiff, a corporation organized under the laws of the state, with the object of constructing and operating street railways in Sioux City, was, by ordinance of the city, authorized to construct and operate a street railway upon certain streets of the city, on specified terms, among which was the requirement that the plaintiff should pave the space between the rails when the street upon which the railway is constructed is ordered to be paved. The plaintiff proceeded, under this authority, to build its street railway. Subsequently chapter 20, Acts, 1884, was enacted, which requires street railways, in cities of the class (the first) to which defendant belongs, to pave between the rails of their street-railway tracks, and a space of one foot in breadth outside of the rails. After the enactment of. this statute the city, by ordinance, required the plaintiff to make such pavement outside the rails of its railway track, and, in proper form, proceeded to make an assessment against plaintiff and its property to pay therefor. This action by *certiorari* is brought to test the validity of the city's action.

II. It will be remarked that, under the statutes of the state and the ordinance of the city, when the corporate franchises were assumed by the plaintiff, and authority to construct its street railway was conferred upon it, it was required to pave between the rails of its

railway, and no more. The subsequent statute of the state and ordinance of the city required it to pave the street outside of the rails to the extent of a space, next to each rail, one foot wide. The burden of paving a part of the street two feet in width was imposed by the recent state and city legislation in addition to the burden imposed by prior legislation. The controlling question of the case involves the validity of this legislation by the state and city. Prior to the corporate organization of plaintiff and the action of the city, brought in question in this case, Code, section 1090, was enacted, and continues to be in force. It is in the following language: "Sec. 1090. The articles of incorporation, by-laws, rules and regulations of corporations hereafter organized under the provisions of this title, or whose organization may be adopted or amended hereunder, shall at all times be subject to legislative control, and may be at any time altered, abridged or set aside by law, and every franchise obtained, used or enjoyed by such corporation may be regulated, withheld or be subject to conditions imposed upon the enjoyment thereof, whenever the general assembly shall deem necessary for the public good."

Counsel for plaintiff do not deny that, if the legislation in question pertains to or affects the rights and powers conferred by the articles of incorporation—what is called the "franchises"—of plaintiff, it is authorized by the section of the Code just quoted. Indeed, that could not well be denied, for the legislation authorizing the alteration and abridgment of the rights and powers —the franchises—of the plaintiff became a part of its charter, and was an express limitation upon its franchises. But counsel insist that the obligation of the plaintiff to construct pavements was imposed by a contract between plaintiff and the city. We have said that the correctness of this proposition may be assumed for the purpose of the discussion in hand. What was that contract? It was this: The city conferred upon plaintiff the authority to construct and operate a street railway, on condition, among others, that plaintiff should

pave between the rails of its railways. The city contracts to secure to plaintiff its rights to construct and operate the railway. The plaintiff contracts to pave between the rails. The city, by granting the authority to construct and operate the railway upon the condition of paving, did not limit its authority to make and enforce other regulations and requirements, as authorized by Code, section 1090. The condition as to the paving is the obligation of plaintiff, and not of the city. The contract between the plaintiff and the city neither expressly nor by implication ties the hands of the city, and gives it over to plaintiff, without authority to make and enforce other regulations, as to the construction of the pavements. By the contract relied upon by counsel the plaintiff binds itself to pave between the rails, but the city does not bind itself not to exercise the authority, conferred upon it by Code, section 1090, to impose other conditions upon the exercise of plaintiff's authority and rights,—its franchise,—which, in the judgment of the city, may be required by the public good. The arguments presented in our first opinion, supported by the foregoing considerations, lead to the conclusion that the city was authorized to impose the burden on plaintiff of additional paving, and that there was no contract between plaintiff and the city by which the latter was bound not to impose such burden on plaintiff. A petition for rehearing upon the former appeal was filed in this case, but was overruled at the present term of this court. The petition has been considered in connection with the arguments now before us. The judgment of the district court is                                        AFFIRMED.