# WASHINGTON AND GEORGETOWN RAILROAD COMPANY *v.* DISTRICT OF COLUMBIA.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Decided May 7th, 1883.

*District of Columbia.*

The relation between the railroad company and the District respecting the maintenance and repair of the streets in the District through which the railroad passes considered and settled.

*Mr. Enoch Totten* for appellant.
*Mr. A. G. Riddle* for appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from a decree of the Supreme Court of the District of Columbia dismissing the bill of appellant.

The questions presented by the appeal arise out of the execution of the act of Congress of July 17th, 1876, "authorizing the repavement of Pennsylvania avenue."

That act created a commission, consisting of two officers of the engineer corps of the army and the architect of the capitol, whose duty it was to contract for and superintend the work and to decide upon the character of the material. It also declared in what proportion the expense of the work should be borne by the owners of property along the line of the avenue, namely, the United States, the District of Columbia, the private citizens, the Washington & Georgetown Railroad Company, whose track

ran through the centre of the avenue, and other railroad companies whose tracks crossed the street at several places. So much of this apportionment of expenses as relates to the appellant is in these words :

"Sec. 3. That the cost of laying down said pavement shall be paid for in the following proportions and manner : The Washington & Georgetown Railroad Company shall bear all of the expense for that portion of the work lying between the exterior rails of the tracks of the road, and for a distance of two feet from and exterior to the track on each side thereof, and of keeping the same in repair ; but the said railroad company, having conformed to the grade established by the commissioners, may use cobblestone or Belgian rock in paving their tracks, or the space between their tracks, as the commissioners shall direct." 19 Stat. 93.

This is in strict conformity to the charter of the company, passed in 1862, the fourth section of which enacts:

"That said corporation hereby created shall be bound to keep said tracks, and for the space of two feet beyond the outer rail thereof, and also the space between the tracks, at all times well paved and in good order, without expense to the United States or to the cities of Georgetown and Washington."

The fifth section requires the company to conform their road to any change of the grade of the street ; and the sixth, that the act may at any time be altered, amended or repealed by Congress. 12 Stat. 389.

The act of 1876, under which the work of repaving was done, in section four provides " that assessments shall be made by the commissioners of the District of Columbia upon the owners of said private property on said avenue and spaces and upon said railroad company respectively, provided in section three of this act," and for the collection of the same by the collector of the District of Columbia.

It is also enacted that, on failure of the railroad company or any private citizen to pay such assessment, the commissioners of the District shall issue certificates, bearing ten per cent. interest, payable within one year, which are made a lien on the

property, under which it may be sold at the end of the year, if not paid.

The railroad company was assessed by the commissioners of the District in the sum of $19,886.69, whereas they charge that they are only liable for $12,207.27; and as the commissioners were about to issue a certificate for the larger amount, the company paid or tendered the sum which they acknowledge to be due, and filed their bill in chancery to obtain an injunction as to the remainder.

This difference is owing to the fact that alongside of the exterior rails of the track the paving commissioners required a blue granite stone to be laid the whole length of the pavement, five inches in width and eight inches deep, and each stone about three feet long. This was charged wholly to the company, as well as the remainder of the two feet next adjoining said track on the outside of the rails.

As regards this remainder the company make no objection, but they insist that the entire cost of all the paving on each side of their track to the sidewalk should be computed together, and the charge against the company should be in the proportion which those two feet bear to the entire distance from each exterior rail to the sidewalk. As this string of stone paving is more costly than the Neufchatel and Trinidad material, which constitute the main body of the pavement, this would relieve the company of a part of the cost of the two feet adjacent to their track. As a matter of strict justice, no reason can be seen for this proposition, for it is quite clear that the requirement of this string or curb of blue granite is wholly due to the existence of the tracks of the railroad in the middle of the street, and is also mainly, if not wholly, for the protection of the track alongside of which it is laid.

Nothing can be more just, than that the company should pay for the work which its track alone makes necessary.

Nor is there any question that, if this stone was necessary in laying down this new pavement, for the security and durability of the track itself, or of the pavement near the track, the company was bound, by the fourth section of its charter, to pay the expense. That it was a judicious and proper thing to be

done is scarcely controverted, and if it were, the testimony shows very clearly that it was.

The only question, therefore, that remains, is whether Congress, in the distribution of the expense of this work of repaving the avenue, intended that this should be borne by the company.

The language of Congress, on that subject, would seem to admit of no other construction. The third section, already cited, says:

"The Washington and Georgetown Railroad Company shall bear *all* the expense for that portion of the work lying between the exterior rails of the tracks of the road, and for a distance of two feet from and exterior to the track on each side thereof, and of keeping the same in repair."

So far from relieving the company of the duty which it accepted by its charter, the language reinforces that obligation and makes its application to the repavement clear. The statute goes on to prescribe what the United States shall pay, and what the District of Columbia shall pay, and what individual owners shall pay; and the proportions in which these parties are to be charged have no relation to the part to be paid for by the railroad company, which is, in no case, a proportionate part of the street along which it runs, but *all* the expense of the work inside its rails, and for two feet exterior to this on each side. There is no room for apportionment here, and if, for so much of this two feet as is of the same material as the main surface of the street, which is separated from it by no visible line, the easiest mode of ascertaining its cost is to calculate its relation to the remainder of the pavement, that is no reason why this extra and separable expense of blue stone should not be assessed, as the law requires, exclusively to the company.

But it is said that the paving commissioners adopted the rule of a general apportionment of all the expense, and reported to the commissioners of the District on that basis, as due from the company, the smaller sum of $12,207.27, and that their report is conclusive.

The report thus made is nowhere in the statute made their

special duty, nor are they anywhere authorized to make the final assessment.

The report was merely a suggestion of their views for the action of the District commissioners.

On the other hand, by the express language of the act, these latter commissioners are directed to make the assessment on which the parties are to pay, and on which, if they do not pay, a certificate shall be issued which becomes an interest-bearing lien on their property.

Another source of complaint is, that in making the necessary excavations for the new pavement, it became necessary to support the track of the company by underpinning, which cost $1,052.12, and was paid for by the paving commissioners. This work was wholly for the benefit of the railroad company. It was to prevent the track from falling or caving in while used during the progress of the work, and the city authorities might have left the company to take care of itself. But as this might have delayed the work or led to litigation, they wisely protected it while they worked. It seems to us a proper charge against the company alone, as they alone were benefited, and their track made it necessary.

There is no error in the record, and

*The decree of the Supreme Court of the District is affirmed.*