# Morris *v.* Montgomery Traction Co.

*Bill to Enjoin Street Railway from running Line on Street.*

1. *Street railroads; burden on abutting owner; streets.*—Streets and highways are dedicated to the use of the travelling public, and street railways, which are for the purpose of facilitating travel, impose no additional burden on the abutting owner.

2. *Same; same; nuisance.*—A street surface passenger railway constructed at street grade in the usual manner, and operated by animal power or by electricity, is not *per se* a public or private nuisance, nor is it a new servitude imposed upon the land for which the owners of the fee are entitled to compensation.

3. *Same; use of street.*—There is no limit to the use of a public street for the purpose of travel thereon, so long as such use does not interfere unnecessarily with the ordinary modes of travel, and is no substantial impairment of private rights of property.

Appeal from the City Court of Montgomery, in Equity. Heard before Hon. A. D. SAYRE.

The bill in this cause was filed by J. M. Morris, the appellant, and other owners of property situated on Mobile Street in the city of Montgomery, and sought to enjoin the appellee from constructing and operating a street railway on said Mobile Street. The allegations of the bill were, in substance, that said street was very narrow, being only twenty-four feet in width, and was one of the principal thoroughfares in the city of Montgomery, and was passed by a great number of people daily, in wagons, buggies and other vehicles. That the street railway proposed to occupy ten feet of such street, and would thus prevent the passage of vehicles thereon, which would result in the necessary abandonment of such street to the great inconvenience and injury of complainants. That property on said street would be exposed to greater dangers from fire, for the reason that

[Morris v. Montgomery Traction Co.]

fire engines and apparatus could not pass a car thereon. The defendant demurred to the bill, and also moved that it be dismissed for want of equity. The demurrer was sustained, and the motion to dismiss was granted. From that action of the court, the complainants appealed.

W. L. MARTIN & THOS. W. MARTIN and W. W. PEARSON, for appellant, cited:—Joyce on Electricity, § 149; Nellis St. Surface Rys., 135; 2 Dillon Mun. Corp., § 660; *Mobile v. L. & N. R. R.*, 124 Ala. 132; *Daly v. G. S. R. R.*, 80 Ga. 793; 12 Am. St. Rep. 286; *Birmingham Trac. Co. v. Birmingham Ry. & Elec. Co.*, 119 Ala. 137; *Baker v. Selma St. Ry. Co.*, 130 Ala. 474; *W. Ry. v. Grand Trunk R. Co.*, 96 Ala. 272; *New and Old Decatur v. Karcher*, 112 Ala. 676; 93 Mich. 330.

GRAHAM & STEINER, *contra*, cited:—*Birmingham Trac. Co. v. Birmingham R. & E. Co.*, 119 Ala. 137; Nellis St. Surface Rys., 134, 135; *Baker v. S. S. & S. Ry. Co.*, 135 Ala. 552; *Rafferty v. Cent. Trac. Co.*, 147 Pa. St. 579; 1 High on Inj., Secs. 762, 827, 828; *First Nat. Bk. v. Tyson*, 133 Ala. 459; 21 A. & E. Enc. Law, 682, 686.

HARALSON, J.—"Streets and highways are dedicated to the use of the traveling public, and street railways, which are for the purpose of facilitating travel, impose no additional burden upon the abutting owner, and are a public use." If they create noise, dust and vibrations, and are attended with some inconvenience and even danger to life and property, so do other vehicles of travel and trade. They are legitimate uses within the original dedication of streets for the benefit of the public.—Joyce on Electric Law, § § 278, 341.

"A street surface passenger railway constructed at street grade in the usual manner and operated by animal power (or by electricity) is not *per se* a public or private nuisance, nor is it a new servitude imposed upon the land for which the owners of the fee are entitled to compensation."—Booth on Street Railways, § 82. Such a use by the ordinary electric railway, with the usual

means by which it is operated, is but an improved method of using the street for public travel; and there is no limit to the use of a public street for the purposes of travel thereon, so long as such use does not interfere unnecessarily with the ordinary modes of travel and is no substantial impairment of private rights of property.—Nellis on Street Surface Railroads, p. 135; *B. T. & Co. v. S. B. T. & T. Co.*, 119 Ala. 144; *Baker v. S. S. & S. R. Co.*, 135 Ala. 552; *Rafferty v. C. T. Co.*, 147 Penn. 579.

In the Alabama cases cited, followed by the very satisfactory opinion of the court below found in the transcript, every principle involved in this case, has been thoroughly considered and decided; and it is unnecessary to here repeat what was there said.

There was no error in sustaining the demurrer to the bill and the motion to dismiss it for want of equity.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concur.