Marshalltown Light, Power & Railway Company, Appellant, v. City of Marshalltown, et al.

**Constitutional law:** IMPAIRMENT OF CONTRACTS: STREET RAILWAYS.
1 Under Code, section 1619, street railway companies, in the occupancy of streets, are subject to legislative control; and the provisions of a franchise exempting the company or its assigns from any requirement to pave the street except as provided in the franchise, does not constitute a contract which can not be affected by subsequent legislation imposing a paving requirement.

**Street railway franchise:** PAVING: STATUTES. A provision in a
2 street railway franchise that the company shall spike strips of lumber to the ties both outside and inside the rails the entire length of the railway and its switches where located upon streets which are not paved, is not a requirement to pave any portion of the street; and such a franchise does not bring the company within the exception but rather the direct provision of Code, section 834.

**Special assessments:** IRREGULARITIES: APPEAL. Mere irregularities
3 in the levy of an assessment for street paving, of which no complaint was made before the city council, can not be questioned on appeal to the courts.

*Appeals from Marshall District Court.*— Hon. Obed Caswell, Judge.

WEDNESDAY, JUNE 14, 1905.

THE plaintiff prosecuted two appeals to the district court from assessments for the cost of paving between and outside of its tracks on two different streets, and in each case the assessment of the city council was sustained. The cases differ only as to the description of the streets for which the assessments were made, and plaintiff's appeals from the action of the district court confirming the assessments are submitted together.— *Affirmed.*

*Chas. E. Ransier* and *Binford & Snelling,* for appellant.

*C. H. Van Law,* for appellees.

McCLAIN, J.— In June, 1892, a franchise was granted by the city of Marshalltown to A. T. Birchard, his successors and assigns, to construct an electric street railway in the streets of the city. The proposition to grant such a franchise was submitted to and approved by the electors of the city, and the ordinance was duly accepted by said Birchard and his assignee, the plaintiff in this action. The ordinance contained the following provisions:

Section 8. Whenever the said A. T. Birchard, his successors and assigns shall make excavations upon the streets or alleys in the construction of said road, they shall put the street in as good repair as near as practicable as it was at the time of such excavation, but if said grantee, his successors or assigns, shall desire to use cross ties and what is called a " T " rail, they may do so, but where the said street is not paved they shall spike to the ties outside and inside the rails a strip of lumber four inches wide and of sufficient thickness to come within one-half inch from the top of the rail outside and inside; such strips to run the entire length of the railway and its switches where said streets are not paved and to be kept in good repair by said grantee, his successors or assigns. But the said A. T. Birchard, his successor, assigns,

shall not in any case be required to pave, macadamize or make any improvement upon the streets, except as provided in this section.

Afterwards street car tracks were constructed by the plaintiff on the streets which are referred to in these actions, and subsequently proper steps were taken by the city council to have said streets paved and the cost thereof taxed, as provided by law, to the abutting property owners and to the plaintiff. At the time this paving was authorized and provided for, which was in 1902, the following statutory provisions, found in section 834 of the Code, were in force and applicable to the defendant city:

All . . . street railway companies shall be required to make, reconstruct and repair all paving . . . between the rails of their tracks, and one foot outside thereof at their own expense, unless by ordinance of the city or by virtue of the provisions or conditions of any ordinance of the city, under which said . . . street railway may have been constructed or may be maintained, it may be bound to pave . . . other portions of said street, and in that case said . . . street railway shall make, reconstruct and repair the paving . . . of that part of the street specified by such ordinance.

At the time the franchise was granted to plaintiff's assignor, there was no statutory provision applicable to cities of the second class, to which class the defendant city belongs, requiring street car companies to pay any portion of the cost for paving streets on which their lines were located, and the two questions presented by these appeals are: First, whether the provision in the franchise granted to plaintiff's assignor exempting him and his assigns from any requirement to pave except as provided in that franchise constituted a contract which could not be affected by the subsequent legislation imposing such liability on all street car companies; and, second, whether the provision in the ordinance granting the franchise, that Birchard and his assigns should spike strips of lumber four inches wide along each side of the rails of the

street car tracks, constituted a provision as to paving other portions of the street than those required by the statute to be paved by street car companies, so as to bring the plaintiff company within the exception contained in the statute in that respect. There is no other ordinance of the city than that granting the franchise to plaintiff's assignor which contains any provision as to the portions of the street which street car companies may be required to pave.

I. As to the provisions of the franchise ordinance exempting plaintiff from any requirement as to paving except as provided therein, the argument for appellant is that it constitutes a contract which cannot be impaired by subsequent legislation, and that therefore the statutory provision already quoted is unconstitutional so far as it purports to impose any liability on appellant with reference to paving other than that contained in the ordinance. But this is no longer a debatable question. At the time the franchise was granted there was in force a statutory provision (section 1090 of the Code of 1873) which has been retained in the Code of 1897, as follows:

1. CONSTITUTIONAL LAW: impairment of contracts; street railways.

Section 1619. The articles of incorporaton, by-laws, rules and regulations of corporations hereafter organized under the provisions of this title, or whose organization may be adopted or amended hereunder, shall at all times be subject to legislative control, and may be at any time altered, abridged or set aside by law, and every franchise obtained, used or enjoyed, by such corporation may be regulated, withheld, or be subject to conditions imposed upon the enjoyment thereof, whenever the General Assembly shall deem necessary for the public good.

The construction of this provision was involved in a case where the city ordinance provided for assessing to a street railway company the cost of paving between the rails, and the State statute subsequently required that such companies pay the expense of paving between the rails and for the space of one foot outside of the rails. Referring to the

provision already referred to as Code, section 1619, the court held that the statutory extension of the liability of the street car company for paving was not in violation of any contract right of the company, and the court says: "If the city had made no provision in the original grant on the subject, the power of the State to impose the condition would hardly .be doubted by any one; but if the power is reserved to the State, it would not be the subject of contract between plaintiff [the street car company] and the municipality. The State has not by any legislation on the subject delegated to the municipal corporations it has created any of the rights or powers reserved by the statute above." *Sioux City R. Co. v. Sioux City,* 78 Iowa, 742. See, also, the opinion in another case of the same title, and involving the same question, 78 Iowa, 367. On appeal to the Supreme Court of the United States, *Sioux City R. Co. v. Sioux City,* 138 U. S. 98 (11 Sup. Ct. 226, 34 L. Ed. 898.), it was urged that the imposition of an additional burden as to paving impaired the obligation of the contract embodied in the ordinance granting to the street car company its franchise; but the conclusions reached by this court were approved of in the following language:

Under section 1090 of the Iowa Code (section 1619 of the present Code), the Legislature had the power not only to repeal and amend the articles of incorporation of the company, but to impose any conditions upon the enjoyment of its franchise which the General Assembly might deem necessary for the public good. The reservation of this power was a condition of the grant. The city council could make no arrangement with the company which would not be subject, under that section, to the superior power of the General Assembly. . . . Moreover, the city derived from the State alone its power to grant a license to the company. The right to operate the railway in the streets is a franchise obtained through power given to the city by the State, but the State reserved the power to regulate such franchise and impose conditions upon it. It reserved the power to determine the question of the exemption of the company from

taxation, and to prescribe what burdens should be imposed upon it for the public good in the enjoyment of its franchise. Manifestly, such power of the State would exist if the right to occupy the streets with tracks was granted to the company directly by an act of the Legislature of the State; and the case is not changed by the fact that the franchise was granted by the city. There is nothing in the ordinance of the city council which takes away the power of the State and the city to impose additional taxes on the property of the company, or which indicates an intent that no further or different tax should be subsequently imposed on its property. * * * No question can arise as to the impairment of the obligation of a contract, when the company accepted all of its corporate powers subject to the reserved power of the State to modify its charter and to impose additional burdens upon the enjoyment of its franchise. Under the Act of March 15, 1884 (Laws 1884, page 18, chapter 20), it was made a condition of the enjoyment of its franchise by the company that, when the city should determine that the streets should be paved, the company should bear a certain portion of the cost thereof, and any prior contract between the company and the city in regard to paving was subject to the provisions of section 1090 of the Code. There was nothing in the ordinance of December 12, 1883, which bound or could bind the city not to exercise its statutory authority to impose other conditions upon the exercise of the rights of the company.

The only distinction which counsel attempt to draw between these cases and the case before us is that in the Sioux City ordinance there was no express exemption; but the language of the opinions clearly indicates that the line of reasoning relied upon would have been equally satisfactory in those cases had there been an express exemption. The very point of the decision in those cases was that the city could not make a contract which would preclude legislation on the part of the State imposing additional burdens. The same principle is announced in *Storrie v. Houston City Street R. Co.,* 92 Tex. 129 (46 S. W. Rep. 796, 44 L. R. A. 716). In that case the court adopts the views expressed in the Sioux City cases above cited. There is nothing in the case of *Lacey v. Marshalltown,* 99 Iowa, 367, inconsistent with the

doctrine of the Sioux City cases, for the only point decided is that under the statutory provisions involved in that decision it was left optional with the city to determine whether or not it should compel a street railway company to pay for a part of the paving, and, if it did not see fit to do so, an abutting property owner could not complain that a part of the cost was not taxed to a street railway company occupying the street. There seems to have been no intention in the case of *Ft. Dodge Electric Light & Power Co. v. Ft. Dodge,* 115 Iowa, 568, to treat the question here involved as in doubt, for it is expressly said in that case that no such question is raised.

II. The contention that the provision of the franchise ordinance already quoted brings the case within the exception of Code, section 834, may be disposed of very briefly.

2. STREET RAIL-WAY FRAN-CHISE: paving; statutes.

The exception in that section is of cases where by ordinance the street railway is bound to pave other portions of the street than the portions referred to in the statute. But under the provisions of the franchise ordinance already quoted, there is no requirement whatever as to paving. The provision is that the street car company may use cross-ties and what is called a T-rail, but "where the said street is not paved they shall spike to the ties outside and inside the rails a strip of lumber four inches wide; . . . such strips to run the entire length of the railway and its switches, where said streets are not paved," etc. How this provision can be tortured into the semblance of a requirement for the paving by the street car company of a portion of the street we are entirely unable to see, nor do we think it at all pertinent to follow counsel in a discussion of the meaning of " paving " and the substances or materials which may be used in paving. It seems to us plain that there was no intention on the part of the city to require the paving by the street railway company of a space four inches wide on each side of each rail of its track, where constructed through streets not otherwise paved.

It is only on unpaved streets that this form of construction is required, evidently as a convenience to the public in the use of such streets for driving, in the event that the street car company should use on such unpaved streets cross-ties and a T-rail. If there was no provision in the ordinance for taxing any portion of the paving to the street car company, it is within the direct provision of Code, section 834, and not within the exception.

III. Complaint is made that the council, in estimating the number of square feet of paving for which the plaintiff should pay, included not only the space between the rails and the space of one foot in width outside the rails, but also the space occupied by the rails themselves. No complaint on this account was made before the city council, and therefore the question could not be properly raised in the district court nor on appeal to this court. Such objection could very easily have been made specific, and the general complaint presented to the council, that its proceedings in attempting to levy and assess these paving taxes against the plaintiff are " in many other respects irregularly invalid and without authority of law," was wholly insufficient to raise any such question. We have no occasion, therefore, to pass upon the question as now presented.

3. SPECIAL AS-
SESSMENTS: ir-
regularities;
appeal.

Finding no errors in the conclusion reached by the district court, its judgment in each case is *affirmed*.