(104 So. 517)

## ALABAMA TRACTION CO. et al. v. SELMA TRUST & SAVINGS BANK.
### (8 Div. 711.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied May 28, 1925.)

**1. Municipal corporations ⬷425(3)—Legislature may authorize assessment of street railroad for paving tracks and create lien therefor.**

The legislative power of the state may require a street railway to pave or meet the cost of paving its track laid on the grade of a public street, may authorize assessment of cost thereof to street railway company, and declare a lien on its property as security for its payment.

**2. Municipal corporations ⬷269(1)—Municipalities required to provide and maintain streets.**

For the safety and convenience of the public, the Constitution and laws impose upon municipalities the police power and duty to provide and maintain streets.

**3. Municipal corporations ⬷703(1)—Municipality may control use of streets by carriers.**

Incident to its power and duty to maintain and provide streets, the municipality has power to control use of streets by persons engaged in their use as common carrier of passengers for hire.

**4. Municipal corporations ⬷661(3) — Public utility may not use streets without city's consent.**

It is a constitutional guaranty (Const. 1901, § 220), that no corporation can operate a public utility over a city's streets without its consent.

**5. Street railroads ⬷22(2)—Privilege of laying tracks on streets "public franchise," as distinguished from "private franchise."**

The privilege of laying tracks and operating business of a common carrier of passengers on a public street is a valuable public franchise, distinguished from a franchise granting a private corporation the right to exist and do business as a body corporate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Franchise.]

**6. Municipal corporations ⬷661(3)—Municipality may tax carrier's franchise and fix conditions thereof.**

The municipality may tax the privilege or franchise of operating a common carrier on the city streets, and fix the conditions under which such grants shall be enjoyed.

**7. Municipal corporations ⬷407(1)—Tax on right to operate carrier on streets is "privilege tax" or "franchise tax" distinguished from ad valorem tax or betterment tax.**

A tax on the privilege of operating a common carrier on city streets is a franchise or privilege tax and not an ad valorem tax, or a betterment tax assessable against abutting property under Const. 1901, § 223.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Franchise Tax; Privilege Tax.]

**8. Municipal corporations ⬷406(1)—Assessment of street railroad for street improvements held "franchise or privilege tax" referable to police power.**

An assessment, under Code 1907, § 1374, providing for assessment of street railroad for street improvements and lien on its property therefor, is a privilege or franchise tax referable to city's police power.

**9. Municipal corporations ⬷407(1)—Statute for assessment of railway property for improvements not violative of Constitution limiting assessments to abutting property.**

An assessment, under Code 1907, § 1374, providing for assessment of, and a lien on, street railroad property for street improvements, is not violative of Const. 1901, § 223, which limits assessments for public improvements to abutting property, such provision aiming at general principle of uniformity of taxation of private property by restricting assessments to value of special benefits derived from improvements, and not dealing with question of franchise or privilege taxes.

---

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Constitutional law ☞233—Assessment of street railway for street improvements held not to deny equal protection of laws.**

Code 1907, § 1374, providing for assessment and lien on street railway property for street improvement, applies to all alike who enjoy the franchise for operating a street railway, and an assessment thereunder is not a denial of equal protection of law.

**11. Constitutional law ☞290(1)—Assessment of street railroad for street improvements held not denial of due process.**

An assessment of a street railroad for paving between tracks, under Code 1907, § 1374, held not denial of due process, no want of notice or opportunity to protest against proposed improvement or final assessment appearing.

**12. Municipal corporations ☞519(1)—Cost of paving tracks of street railway company lien on entire property.**

Under Code 1907, § 1374, the cost of paving tracks of street railway is a personal obligation upon the company and creates a blanket lien on its entire property.

**13. Municipal corporations ☞479 — Lien on street railroad's property not defeated by failure to detail description on assessment roll.**

Lien on property of street railroad, under Code 1907, § 1374, is not defeated by failure to enter detailed description of property upon assessment roll, it appearing no written objection made to assessment or appeal taken to proceedings, but rather that company recognized assessments and made payments thereon.

**14. Municipal corporations ☞950—Assessment of street railroad inures to holders of bonds secured by assessment.**

Assessment of street railway inures to purchasers of bonds secured by assessments, and bondholders may foreclose lien or otherwise collect assessment in court of competent jurisdiction, in view of Code 1907, § 1411.

**15. Receivers ☞143—Purchaser of street railway property at judicial sale held bound for payment of assessment thereon.**

Where street railway property, subject to assessment for street improvements, under Code 1907, § 1374, was sold by receiver under decree of court "free of all liens, except taxes, assessments, and licenses to do business," the purchaser at the judicial sale becomes party to assessment proceedings, and is, under terms of the sale, bound for payment of assessment at suit of one in equity entitled thereto.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill in equity by the Selma Trust & Savings Bank against the Alabama Traction Company and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The bill (filed June 24, 1924) alleges that in 1911 the city of Decatur adopted an improvement ordinance for the paving of a street within its corporate limits, and thereafter did pave the same, including that part of it lying between the rails and the outer edge thereof, of the street railway then owned by the North Alabama Traction Company. After such paving, the city made a preliminary assessment roll, assessing the cost of improvement against abutting property and against the North Alabama Traction Company; published notice to property owners that inspection of such assessment roll might be made and objections filed; and, no objections being filed, the assessments were made final.

It is alleged that the assessment against the North Alabama Traction Company was for a total amount of $2,304.96, on which two payments, aggregating $585.47, were made on the principal and interest, leaving due and unpaid upon such assessment, including interest, $3,231.57 on April 1, 1924. To pay the cost of said improvement, the bill alleges, the city of Decatur, on January 1, 1913, issued 12 paving bonds which in due course, and for valuable consideration, complainant purchased, and now holds those numbered 7 to 12 inclusive, which are due and unpaid—being the holder of all outstanding bonds of such issue.

It is further alleged that in a suit filed in the District Court of the United States against the North Alabama Traction Company a receiver was appointed, and was by final decree ordered to sell the properties of North Alabama Traction Company "free from all liens except taxes, assessments, or licenses to do business, which shall be assumed and paid by the purchaser of said property"; that the receiver so appointed, after advertisement (carrying the provision quoted), offered the properties for sale and, November 21, 1922, sold the same to John B. Weakley, which sale was confirmed by the court; that said Weakley thereafter, either directly or indirectly, conveyed and delivered the said properties to the Alabama Traction Company, which is now operating same, and which took said properties with notice of the unpaid assessments under the improvement ordinance first mentioned. Finally, it is alleged that at the time of making the improvements in question and issuing the bonds held by complainant, the city of Decatur was a city of less than 6,000 population.

The bill makes parties respondent the North Alabama Traction Company, declared to be, to all intents and purposes, now defunct, the Alabama Traction Company, John B. Weakley, and the city of Decatur. The prayer is that a decree be rendered establishing complainant's lien on the properties now owned by the Alabama Traction Company; that a reference be ordered to ascertain the amount of the assessment against the North Alabama Traction Company and its properties, and

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the specific properties now in the possession of North Alabama Traction Company subject to complainant's lien; and that a personal decree be rendered against Weakley for the amount due on said assessment and the interest thereon, and for sale of the property in the event of failure to pay, etc.

Eyster & Eyster, of Albany, for appellants.

The respondents, other than the municipality, demurred to the bill, and from a decree overruling demurrer they have appealed.

Only abutting property is subject to assessment. Const. 1901, § 223; Code 1907, §§ 1359, 1361, 1384; Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443; Montgomery v. Birdsong, 126 Ala. 632, 28 So. 522; Harton v. Avondale, 147 Ala. 458, 41 So. 934; Decatur v. Brock, 170 Ala. 153, 54 So. 209; Ex parte Hill, 194 Ala. 560, 69 So. 598; Bradley v. State, 210 Ala. 166, 97 So. 543; I. & V. v. Capitol P. & C. Co., 24 Ind. App. 114, 54 N. E. 1076. The assessment against the North Alabama Traction Company was not in compliance with the statute. Code 1907, § 1375; Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746; Code 1907, § 1374, is unconstitutional. Const. 1901, §§ 1, 13; S. & N. A. R. Co. v. Morris, 65 Ala. 199. The proceeding is in rem, and the assessment cannot be enforced by personal decree. Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45; Decatur v. Sou. Ry., 187 Ala. 364, 65 So. 536; Id., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231. The statute is discriminatory. San Mateo County v. So. Pac. (C. C.) 13 F. 722; Smith v. L. & N., 75 Ala. 451; Randolph v. B. & P. Supp. Co., 106 Ala. 511, 17 So. 721. No lien exists against any of appellant's property. Code 1907, § 1411; Birmingham Tr. Co. v. Birmingham, R. & E. Co., 119 Ala. 144, 24 So. 502, 43 L. R. A. 233; Hobbs v. Long Dist. T. Co., 147 Ala. 393, 41 So. 1003, 7 L. R. A. (N. S.) 87, 11 Ann. Cas. 461; Morris v. Montgomery Co., 143 Ala. 246, 38 So. 834; Baker v. Selma Co., 135 Ala. 552, 33 So. 685, 93 Am. St. Rep. 42.

A. J. Harris, of Decatur, for appellee.

The statute authorizing the assessment is constitutional. Fair Haven v. New Haven R. Co., 203 U. S. 379, 27 S. Ct. 74, 51 L. Ed. 237; Sioux City R. Co., v. Sioux City, 138 U. S. 106, 11 S. Ct. 226, 34 L. Ed. 898; New Haven v. Fair Haven & W. R. Co., 38 Conn. 422, 9 Am. Rep. 404; 1 Paige & Jones, Taxation by Ass't, § 600; 25 R. C. L. 117; Washington & G. R. Co. v. District of Columbia, 108 U. S. 522, 2 S. Ct. 865, 27 L. Ed. 807; Storrie v. Houston, 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716; Weed v. Common Council, 26 Misc. Rep. 208, 56 N. Y. S. 105; Oklahoma City v. Shields, 22 Okl. 265, 100 P. 559; Lincoln R. Co. v. Lincoln, 61 Neb. 109, 84 N. W. 802; Marshalltown Co. v. Marshall-

town, 127 Iowa, 637, 103 N. W. 1005; State v. A. C. G. & A. R. Co., 172 Ala. 125, 55 So. 176, Ann. Cas. 1913D, 696; City Council v. Birdsong, 126 Ala. 634, 28 So. 522; Walston v. Nevin, 128 U. S. 578, 9 S. Ct. 192, 32 L. Ed. 544; C., B. & Q. R. Co. v. People, 200 U. S. 561, 26 S. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175. The entire property of the street railway is properly assessed. Code 1907, § 1374; Decatur v. Sou. Ry., 183 Ala. 531, 62 So. 857, 48 L. R. A. (N. S.) 231. The assessment as made was sufficient. Storrie v. Houston Co., supra. Objection to the form of assessment was waived. 25 R. C. L. 182; Day v. Montgomery, 207 Ala. 644, 93 So. 611; Birmingham v. Wills, 178 Ala. 214, 59 So. 173, Ann. Cas. 1915B, 746. Weakley is personally liable for the amount of the assessment. Union Trust Co. v. G. E. Lbr. Co., 248 F. 46, 160 C. C. A. 186; Harduval v. Merchants' Bank, 204 Ala. 187, 86 So. 52; 16 R. C. L. 113; Cable v. Byrne, 38 Minn. 534, 38 N. W. 620, 8 Am. St. Rep. 697. And enforcement may be had by complainant. Carver v. Eads, 65 Ala. 190; Coleman v. Hatcher. 77 Ala. 217; Sloss Co. v. Taylor, 16 Ala. App. 241, 77 So. 79.

BOULDIN, J. The bill is to enforce an asserted lien against the property of a street railway company in favor of a municipality for the cost of paving the track, the space between the rails, and 18 inches outside of each rail, part of a public street.

The averments show the city of Decatur, a city of less than 6,000 inhabitants at the time, undertook to assess the costs of such paving against the street railway company under authority of section 1374, Code of 1907 (Code of 1923, § 2189), which reads:

"*Assessment as Against Street Car or Railroad Tracks.*—If there be a street, electric, or other railroad track or tracks on any street or highway improved or reimproved under this article, the cost of such improvement, except storm water and sanitary sewers, between the tracks and the rails of the tracks, and in case there are two or more tracks, the space between such tracks, and eighteen inches on each side of the tracks, including switches and turnouts, shall be paid by the owner of the railroad, and shall be assessed against and form a lien on said railroad, and the property connected therewith, and in the event that storm water sewers are constructed which drain the streets or avenues or rights of way on which is a street, electric, or other railroad, whether the same be a continued or separate system, there shall be assessed against such railroad a fair and just proportion of the cost of construction and such sewer, to be determined by the mayor and aldermen, and such assessment shall be a lien like other assessments and may be collected in like manner, and the council may require the owners of such street railroad or other railroad to prepare or construct its tracks for the receipt of such paving or other improvements in a manner satisfactory to the council."

The demurrer raises the question of the constitutionality of this statute on numerous grounds. Among these grounds, briefly stated, are: Section 223 of the Constitution of Alabama limits the power to make assessments for street improvement to abutting property, and to the special benefits to the property resulting therefrom. The track of a street railway is not abutting property benefited by such improvement. The assessment under section 1374 is for the entire cost of improvement of the zone occupied or used by the street railway without regard to benefits to abutting property, and is declared a lien on the entire railroad and the property connected therewith. Other grounds of demurrer challenge the statute as a denial of the equal protection of the laws; the taking of private property for public use without just compensation; and for failure to provide due process of law under the federal and state Constitutions.

State ex rel. City of Gadsden v. Ala. City, Gadsden & Attalla R. Co., 172 Ala. 125, 55 So. 176, Ann. Cas. 1913D, 696, was a mandamus proceeding to require the street railway to re-lay its track with suitable rails and ties, preparatory to paving the track as a part of the city street. After noting section 238 of the Constitution of 1901, reserving to the Legislature power to alter, revoke, or amend corporate charters, and reviewing authorities, the following conclusion was announced:

"We hold that the result of these authorities is that when any public utility uses the streets of a municipality, under any grant of authority, it takes the right, subject to the paramount right of the municipality, to grade and improve its streets, and to make such requirements and regulations as are necessary and reasonable in order to make the streets suitable and convenient for the use of the traveling public. As to whether the requirements in this case are necessary and reasonable must be determined when this case comes to be tried on the merits."

[1] In line with the principle above stated, it is generally declared that the legislative power of the state may require a street railway to pave or meet the cost of paving its track laid on the grade of a public street; may authorize a municipality to assess the cost thereof to the street railway company, and declare a lien on its property as security for its payment. Fair Haven & W. R. Co. v. New Haven, 203 U. S. 379, 27 S. Ct. 75, 51 L. Ed. 237; Sioux City Ry. v. Sioux City, 138 U. S. 106, 11 S. Ct. 226, 34 L. Ed. 898; City of New Haven v. Westfield R. Co., 38 Conn. 422, 9 Am. Rep. 404; Washington, etc., R. Co. v. District of Columbia, 108 U. S. 522, 2 S. Ct. 865, 27 L. Ed. 807; Storrie v. Houston City Ry. Co., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716; Weed v. Common Council, 26 Misc. Rep. 208, 56 N. Y. S. 105; Oklahoma City v. Shields, 22 Okl. 265, 100 P. 559; Lincoln St. Ry. Co. v. City of Lincoln, 61 Neb.

109, 84 N. W. 802; Marshalltown Light, P. & R. Co. v. City of Marshalltown, 127 Iowa, 637, 103 N. W. 1005; 1 Paige & Jones, Taxation by Assessment, §§ 600, 601; 25 R. C. L. p. 1174.

These authorities hold the right so to do inheres in the police power, the taxing power, or both, unless limited by constitutional provisions. Many of them revert to provisions similar to our section 238, Constitution of 1901. Manifestly this section does not take away the general guarantees of the Constitution for the protection of property rights of all citizens, natural or artificial. S. & N. Ala. R. Co. v. Morris, 65 Ala. 193; Smith v. L. & N. R. Co., 75 Ala. 451; Randolph v. Builders' & Painters' Sup. Co., 106 Ala. 511, 17 So. 721. But it is aimed at the contractual feature of corporate charters, the theory of vested rights as originally declared in Dartmouth College v. Woodward, 4 Wheat. 519, 4 L. Ed. 629, and adopted generally by the states, pursuant to a suggestion in the concurring opinion of Justice Story in that case. It preserves a right of control by the creator over his creature.

[2-4] Our Constitution and laws impose upon municipalities the power and duty to provide and maintain public streets. This for the safety and convenience of the public as a police power and duty. Incident to this is the power to control the use of the public streets by all persons engaged in their use as a common carrier of passengers for hire. No corporation or person can operate a public utility over the streets of a city without its consent. This is guaranteed by the Constitution. Section 220; Birmingham Interurban Taxicab Service Corporation v. McLendon, 210 Ala. 525, 98 So. 578.

[5-8] The privilege of laying permanent tracks upon the street and operating thereon the business of a common carrier of passengers for hire is a valuable franchise. It is a public franchise as distinguished from the franchise of a private corporation—the mere right to exist and do business as a body corporate. The power to tax such franchise or privilege is not questionable; neither is the power to fix the conditions upon which such grants shall be enjoyed. Such tax is a franchise or privilege tax, not an ad valorem tax, nor a betterment tax assessable against abutting property under section 223 of the Constitution. The taxing power is constantly employed to provide conveniences referable to the police power. It is this form of assessment which is provided by section 1374, Code of 1907.

[9] We find nothing in the wording or origin of section 223 of the Constitution to inhibit such assessment. That section is limited to assessment of abutting property for public improvements, and aims to fix a permanent policy restricting such assessments.

to the value of the special benefits derived from the improvements. It is not a grant of power. The power to make such assessments was therefore recognized; but the section was inserted to confine the assessments within the terms of City Council of Montgomery v. Birdsong, 126 Ala. 632, 28 So. 522, as defined in Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443, and to avoid enlarging tendencies of later decisions as pointed out in Harton v. Town of Avondale, 147 Ala. 458, 41 So. 934. It aims at the general principle of uniformity of taxation of private property, and does not deal with the question of franchise or privilege taxes. Indeed this limitation upon assessments of abutting property implies an apportionment of the burden of such improvements as justice shall demand. We conclude section 1374 of the Code, supra, is not violative of section 223 of the Constitution. Neither does the Code section, nor cognate provisions of the statute, show the Legislature was undertaking to make the assessment here involved pursuant to that section of the Constitution, but rather the contrary. It declares the cost of paving the street car track "shall be paid by the owner of the railroad, and shall be assessed against and form a lien on said railroad, and the property connected therewith." True, the section occurs in connection with the statutes relating to local assessments or betterment taxes. This statutory system looks to the matter of providing improved streets, and naturally includes a placing of the burden of the expense as the lawmaker deems just. As far as applicable, we may assume the administrative features of the statutes are intended to apply to street car assessments. But the statute recognizes the street railway track is not an abutting property assessable for special benefits thereto. The railway company has no abutting property in that sense. Moreover, it recognizes the general policy forbidding the enforcement of liens against a segment of a track or other items of property devoted to public use tending to disconnect or dismantle the plant and prevent the performance of public duty. City of Decatur v. Southern R. Co., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231; Id., 187 Ala. 364, 65 So. 536.

This case just cited involved an attempt to make an assessment against an abutting segment of a railroad right of way and track, and not an assessment for paving the track as part of the public street, and is not an authority against the assessment here involved.

[10] We do not concur in the view that the assessment here involved is a denial of the equal protection of the laws. The statute applies to all alike who enjoy the franchise for operating a street railway. It is argued that a street railway imposes no additional servitude upon the street; that the assessment is not based on benefits shown to have been received, and is purely arbitrary. The case of Morris v. Montgomery Traction Co., 143 Ala. 246, 38 So. 834, and like cases, holding a street railway imposes no additional servitude for which the owner of the fee is entitled to compensation under the law of eminent domain, are not in point. Those cases proceed on the idea that the entire beneficial use of the street has been already devoted to purposes of public travel. So far as material, it cannot be questioned that the location of a railway track, erection of wires and poles, and their maintenance and use in the conduct of a street railway business, is an additional servitude upon the street in such sense as to empower the city to regulate the business and to impose a fair share of the burden of improving the street and keeping the zone occupied by its tracks in proper condition for the use of the public. The benefits accruing to the street railway company are by virtue of its privilege or franchise, such as result to its business as a whole from improved streets, and the reduction of the cost of maintenance of its tracks by reason of a permanent pavement. These benefits are not the basis of assessments, as in case of abutting property, but are to be considered by the lawmakers in declaring what charges shall be imposed for the franchises enjoyed.

We are referred to no case declaring a want of power to impose upon the street railway the full cost of paving its tracks in keeping with adjacent parts of the street. General authorities above cited have declared such assessment just and proper. We concur in this view. If special conditions render it confiscatory or otherwise illegal, this would be defensive in the particular case.

[11] Dealing with the demurrers touching due process of law, it appears the original improvement ordinance specially enacted that the cost of paving between the rails and 18 inches on the outside thereof, should be paid and assessed as declared in section 1374. No want of notice or opportunity to protest against the proposed improvement or against the final assessment appears. The statute fixing the amount of the assessment and defining the property subject to the lien, the right of hearing would seem to be limited to the propriety or justice of making the contemplated improvement, or the cost of same as fixed in the assessment.

Complaint is made of the assessment roll, which reads:

"North Alabama Traction Company.

| Cement Car Track. | Incidentals. | Total. |
|---|---|---|
| $2,195.20 | $109.76 | $2,304.96." |

[12] This gives merely the name of the street car company, the nature of the improvement, and the amount. The objection is raised that the assessment is invalid for want of a list or description of the property

covered by the lien. The requirements of the statute defining the contents of the assessment roll are directed toward local assessments of abutting property. A description of each parcel is required. These assessments are in rem, charges only on the property benefited, and not personal obligations of the owners. A description is desired to fix a specific lien, to aid in assessing benefits, and to determine whether it is subject to assessment. The cost of paving the street railway is declared a personal obligation of the company, a condition upon its right to have and enjoy a franchise. The lien is declared upon the entire property as security for this tax, or demand. The law gives the owner notice of the property against which the lien operates. It may be quite impractical for a municipality to obtain an inventory and enter upon its assessment roll a description of the property to which the lien attaches. The statute creates a blanket lien analogous to the general tax lien, the lien of a registered judgment, or the lien declared upon all the property of a public official as security for the performance of public duty according to his bond. It matters not that part of the connected system extends beyond the corporate limits or into another municipality.

[13] We are not prepared to hold the failure to enter the detailed description of the property of the street railway upon the assessment roll defeated the lien, it not appearing that written objection to the assessment was made, or appeal taken to review the proceedings, but rather that the street railway company recognized the assessment and made payments thereon.

[14] Section 1411 of the Code of 1907 looks to financing improvements in cities of the class named, and the assessment against the street railway inures, as other assessments, to purchasers of bonds based upon and secured by the assessments, and such bondholders may foreclose the lien or otherwise collect the assessment in any court of competent jurisdiction.

It further appears that North Alabama Traction Company went into the hands of a receiver; that its property was sold under decree of the United States District Court; that the decree of sale provided "said property shall be free of all liens, except taxes, assessments, or licenses to do business, which shall be assumed and paid by the purchaser of said property." The bill then avers that, pursuant to such terms of sale, John B. Weakley purchased the property. A personal decree is sought against Mr. Weakley to recover the amount of this outstanding assessment.

[15] We have above declared our view that the statute imports a personal obligation as to street railway assessments, the benefit or privilege inuring to the company, and not to specific property as in case of local assessments of abutting property. A purchaser at a judicial sale becomes a party to the proceedings, and is bound by the terms of sale.

We think, under the terms of sale, Mr. Weakley became bound for the payment of the assessment at the suit of one in equity entitled thereto. Coleman & Carroll v. Hatcher & Brannon, 77 Ala. 217.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ, concur.